No. 35.—JARED B. ROBERTS, plaintiff in error, vs. BENJ. O. KEATON, defendant in error.

[1.] Whether a question is pertinent or not under the statute to compel discoveries at law, must be determined by a consideration of the evidence the question is likely to elicit, with the issue to be tried.

[2.] Whether the statutes authorizing discoveries at law, have been so complied with as to entitle the party seeking the evidence, to an answer, the whole proceeding will be looked to; the interrogatories themselves; the issues to which the testimony is to be read; the affidavit of the party; the order of the Judge allowing the interrogatories, and the notice to the adverse party, when it appears to have been before the Court when he passed the order.

*Case.*—In Dougherty Superior Court. Decision by Judge POWERS, December 1856.

Motion to dismiss plaintiff's case for failing to answer interrogatories.

Plaintiff's counsel resisted the motion, on the following grounds:

1st. Because the interrogatories themselves were not pertinent.

2d. Because the same if answered affirmatively could not materially aid defendant's defence.

3d. Because the interrogatories and order of the Court requiring defendant to answer, were not taken out or granted in conformity to the statutes in such cases made and provided.

4th. Because it did not appear to the Court allowing said

interrogatories, either by the oath of the party or otherwise, that the answers would be material evidence in the cause, or that the interrogatories were pertinent and such as the plaintiff would be compelled to answer upon a bill of discovery in chancery.

The Court overruled the objections and dismissed plaintiff's action for failure on his part to answer the interrogatories.

Plaintiff excepted to this decision.

Lyons; Vason & Davis, for plaintiff in error.

Hines; Slaughter, for defendant in error.

*By the Court.*—McDonald, J. delivering the opinion.

The defendant, who was defendant in the Court below also, propounded certain interrogatories to the plaintiff, the answers to which he considered material to his defence. To the interrogatories was attached an affidavit of the defendant, that he is advised and believes that the facts sought to be proven by them, are material to his defence, and that he now knows no other way of proving said facts, but by the oath of the plaintiff. The affidavit stated farther, that the plaintiff resided out of the State. The Court passed an order, in which were recited the facts stated in the affidavit, requiring the plaintiff to answer the interrogatories in sixty days, after a copy notice and said interrogatories were served on his attorney. The interrogatories were not answered by the plaintiff, and when the cause was called for trial the defendant's counsel moved to dismiss plaintiff's case, which motion was opposed on the grounds set forth in the reporter's statement. The Court sustained the motion and dismissed the case.— This decision is made the ground of exception, and error is assigned thereon.

[1.] To determine whether the interrogatories were pertinent to the cause we must examine the pleadings. The action is a special action on the case for a fraud alleged to have

been committed by the defendant on the plaintiff, in the sale of a note secured by mortgage, while the defendant held a note of much larger amount on the same party, secured by mortgage on the identical property, of older date, which it was alleged was well known to the defendant, but which he falsely, fraudulently and deceitfully suppressed and withheld from the plaintiff. The defendant pleaded *non assumpsit, payment,* and the statute of limitations. No point was made on the pleadings and it seems to have been considered that the general issue was properly pleaded. One of the interrogatories propounded to the plaintiff is, "did you ever authorize your name to bring said action against the defendant, and is it now carried on by your knowledge, approbation or consent, and have you not ordered the same dismissed?" &c. He is further asked if he did not select the note himself and express himself anxious to get it ; and if he did not propose to trade the note and mortgage to Shores, if Shores would indorse them, and represent the said note as perfectly good, and that the property was amply large enough to secure both notes and mortgages. Affirmative answers to these questions would have been entitled to much consideration in determining the issue of fraud. The questions were pertinent.

[2.] The affidavit of the defendant attached to the interrogatories bears date 30th April, 1852, the notice to the plaintiff bears date at the same time, and requires the plaintiff's answer in solemn form ; they were all filed in office on the same day. The order of the Court must apply to them as they are. There is a substantial compliance with the requirements of the statute. The oath of the defendant states that the answers to the interrogatories are material to his defence. The Judge allowing the interrogatories must be satisfied, that is, it must appear to the Court, by the affidavit of the party or *otherwise,* that the answers to the interrogatories will be material evidence in the cause. For this he has the affidavit of the party and the nature and purport of the questions. They must be pertinent. That they are pertinent

the Court must judge in the same manner as if the witness were on the stand—by the question and the issue proposed to be proved. They must be such as the adverse party would be bound to answer in a bill of discovery in a Court of Chancery. That must be determined, as in a Court of Chancery, by the questions themselves. The party would be compelled to answer all questions relevant to the issue, unless they were within that description of questions that all parties and witnesses are protected from answering; such as would amount to a betrayal of professional confidence, subject the party to infamy, a criminal prosecution, and the like.

Judgment affirmed.